IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TAMMY HULSEY )<br>)<br>Plaintiff )<br>) CIVIL ACTION<br>v. )<br>) FILE NO.<br>LIFE INSURANCE COMPANY OF )<br>NORTH AMERICA )<br>)<br>Defendant ) | |

# COMPLAINT

## I. JURISDICTION AND PARTIES

1.

This suit is brought and jurisdiction lies under the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1001, et seq.

2.

Jurisdiction and venue are proper pursuant to 29 U.S.C. § 1132.

3.

Plaintiff Tammy Hulsey (hereinafter "Plaintiff") is a citizen of the United States and of the State of Georgia.

4.

Defendant, Life Insurance Company of North America ("Defendant") is a

foreign corporation doing business for profit in Georgia.

5.

Defendant may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent, CT Corporation System, 289 S. Culver St., Lawrenceville, GA 30046.

6.

Defendant negotiated, maintained and administered the life insurance policy at issue in this Complaint.

## II. STATEMENT OF FACTS

7.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 6 stated above.

8.

Navicent Health, Inc. contracted with Defendant to provide long term disability and life insurance benefits for its employees.

9.

At all times material to this action, an insurance policy for life insurance was in full force and effect constituting a binding contract between Defendant and Navicent Health, Inc.

10.

Defendant provides life insurance benefits to covered employees of Navicent Health, Inc. under this policy from its own assets.

11.

Navicent Health, Inc. offered this coverage to its employees as part of an overall welfare benefit plan, as defined under ERISA.

12.

Plaintiff was an insured employee under Defendant's policy number FLX-980162.

13.

Defendant administered the plan and made all decisions as to benefits payable to eligible employees of Navicent Health, Inc.

14.

Plaintiff went out of work as a Registered Nurse/Clinical Coordinator on September 28, 2017 due to white matter brain disease, heart disease, shortness of breath and pain amongst other problems.

15.

Defendant found Plaintiff disabled under the long term disability policy which it insures and continues to pay benefits to date.

16.

On December 21, 2017, Plaintiff's doctor, Dr. Sharon Ash, stated that Plaintiff is unable to perform any of her job functions.

17.

On January 10, 2018, Dr. Samir R. Belagaje, stated that Plaintiff is not able to return to work.

18.

On April 10, 2018, Plaintiff underwent a Functional Capacity Evaluation which determined that she was at the below sedentary capacity level due to white matter brain lesions, unsteadiness with history of falls, lumbar radiculopathy with history of two surgical discectomies, cervical stenosis, chronic pain and veinous insufficiency.

19.

Plaintiff's physician, Dr. Ash, reviewed the results of the Functional Capacity Evaluation and agreed with the restrictions and limitations contained therein.

20.

On April 24, 2019, Defendant denied waiver of premium coverage of benefits under the life insurance policy.

21.

In that letter, Defendant stated that the definition of disability was:

"Disability"/"Disabled" means because of injury or Sickness an Employee is unable to perform all the material duties of any occupation which he or she may reasonably become qualified based on education, training or experience.

22.

Defendant stated in their April 24, 2019 letter that it had reviewed the file and determined that Plaintiff did not meet the above definition.

23.

On June 22, 2018, the Social Security Administration concluded that Plaintiff was entitled to SSDI benefits.

24.

On October 1, 2019, Plaintiff appealed this decision with the findings of the Functional Capacity Evaluation, the Social Security Award and updated medical records and asked Defendant to review the entire long term disability file.

25.

On October 8, 2019, Plaintiff informed Defendant that Plaintiff had been diagnosed with congestive heart failure and that she has to carry oxygen with her twenty-four (24) hours a day.

26.

On October 14, 2019, Plaintiff's doctor, Dr. Christina Maville, stated that

Plaintiff was unable to maintain and sustain gainful employment in any capacity in a detailed questionnaire.

27.

On October 21, 2019, Plaintiff sent this questionnaire to Defendant.

28.

On October 24, 2019, Plaintiff's doctor, Dr. Ash, stated that Plaintiff was unable to perform any work in any capacity in a detailed questionnaire.

29.

On November 4, 2019, Plaintiff submitted this questionnaire to Defendant via letter.

30.

On November 13, 2019, Plaintiff received a letter from Defendant with regard to the long term disability claim stating that it had completed a review of all her medical records and determined that she met the any occupation definition of disability under the long term disability plan.

31.

On November 22, 2019, Plaintiff sent in the November 13, 2019 letter to Defendant stating that this finding should also control for her waiver of premium benefits as the definition of disability under the LTD plan is the same as the definition

under the life insurance plan for all practical purposes.

32.

In that letter, Plaintiff also enclosed a copy of a page from the life insurance policy which stated that the definition of disability for purposes of waiver of premium was: disability/disabled means because of injury or sickness the employee is unable to perform all the material duties of his or her regular occupation; <u>or is receiving disability benefits under the employer's plan</u>. (emphasis supplied)

33.

On December 18, 2019, Plaintiff sent to Defendant updated medical records from Dr. Hunter Champion regarding Plaintiff.

34.

On January 17, 2020, Plaintiff informed Defendant that nothing new had occurred in the Social Security file since Defendant last received the entire file.

35.

On March 10, 2020, Plaintiff sent to Defendant a great deal of medical records including evidence that Plaintiff is now on a bipap machine, that she has been prescribed a scooter, that she had been referred to the Mayo Clinic, that she had a recent MRI showing a very large herniated disc at L5-S1 and a letter from her doctor, Dr. Ahmad Kabbani, stating that her pulmonary arterial hypertension that has been

quite challenging to manage.

36.

On July 29, 2020, Defendant upheld its decision to deny waiver of premium benefits based upon record reviews by two (2) doctors and a vocational specialist stating that there are other occupations that Plaintiff could perform.

37.

Administrative remedies have been exhausted.

### III. CLAIM FOR RELIEF

### ENTITLEMENT TO WAIVER OF PREMIUM BENEFITS

38.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 37 stated above.

39.

Plaintiff is entitled to waiver of premium benefits under Defendant's life insurance policy for the following reasons:

    a.    These benefits are permitted under the policy and the summary plan description;

    b.    Plaintiff has satisfied all conditions for eligibility for receipt of these benefits;

c.	Plaintiff has not waived or otherwise relinquished her entitlement to these benefits.

40.

As a result of Defendant's failure to waiver Plaintiff's life insurance premiums, Plaintiff is entitled to relief as outlined below.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment of this court against Defendant as follows:

(1) Reinstate Plaintiff under Defendant's life insurance policy and waive premiums for all relative time frames in the past and continuing;

(2) Find and hold Defendant has breached its fiduciary duties to Plaintiff;

(3) Enjoin Defendant from any further prohibited acts against Plaintiff;

(4) Award attorney's fees with appropriate lodestar, plus litigation expenses and the costs of this action; and

(5) Grant other and further relief as may be just and proper.

This  14th   day of April, 2021.

ROGERS, HOFRICHTER & KARRH LLC

 s/Heather K. Karrh
HEATHER K. KARRH

                                          Attorney for Plaintiff
                                          Ga. State Bar No. 408379

Rogers, Hofrichter & Karrh LLC
225 S. Glynn Street, Suite A
Fayetteville, GA 30214
(770) 460-1118